IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:18-cv-62086-WPD

DEBORAH LAUFER,

      Plaintiff,

v.

THE CATO CORPORATION,

      Defendant.
_____/

### DEFENDANT THE CATO CORPORATION'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant The Cato Corporation ("Defendant" or "Cato") respectfully moves to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for the reasons set forth in the supporting memorandum of law which follows.

### MEMORANDUM OF LAW

### INTRODUCTION

Despite the important mission of the Title III of the Americans with Disabilities Act ("ADA"), there are those individuals who would abuse the ADA's private cause of action provision by filing lawsuits with the sole objective of financial profit. This exploitation of the ADA has been well documented in district courts in the Eleventh Circuit and throughout the country. *See e.g.*, *Rodriguez v. Investco, LLC*, 305 F. Supp. 2d 1278, 1281 (M.D. Fla. 2004) ("This statutory scheme has resulted in an explosion of private ADA-related litigation," and "in this District alone, there have been hundreds of Title III cases filed in the past three years … by a relatively small number of plaintiffs (and their counsel) who have assumed the role of private attorneys general.").

Such "for-profit" ADA cases typically involve one plaintiff—or, as is the case here, one law firm—filing countless lawsuits against establishments they purportedly intend to visit or, in more recent trend, whose websites they cannot access. As reflected through a cursory review of electronic court records, Plaintiff, through counsel of record here, filed <u>twelve</u> ADA lawsuits in the Southern District of Florida during the last three months alone, each time using the same boilerplate Complaint and alleging the defendant's website is inaccessible to visually-impaired persons. That boilerplate Complaint, also filed in the instant matter, is virtually indistinguishable from the complaints this Court has dismissed time and time again for failing to state a claim for which relief can be granted; specifically, for failing to allege a sufficient nexus between the website and the physical place of public accommodation. *See, e.g.*, *Haynes v. UPS*, No. 17-cv-62057, 2018 U.S. Dist. LEXIS 18518, at *7-8 (S.D. Fla. Feb. 2, 2018) (Dimitrouleas, J.).

Because Plaintiff's Complaint (DE 1) likewise fails to allege facts sufficient to establish a nexus between Defendant's website and its physical locations, the Court should dismiss Plaintiff's Complaint for failing to state a claim under Rule 12(b)(6).

## FACTUAL BACKGROUND

On September 4, 2018, Plaintiff commenced this action against Defendant, alleging that Defendant's website, located at www.catofashions.com ("Defendant's Website"), is not fully readable and/or compatible with the Screen Reader Software ("SRS") used by persons with vision impairment. Due to the alleged inaccessibility of Defendant's Website, Plaintiff further alleges that persons with vision impairment are precluded from full and equal access of Defendant's Website, in violation of Title III of the ADA. (DE 1, ¶ 11). Plaintiff seeks a declaratory judgment that Defendant's Website is in violation of Title III of the ADA and also requests injunctive relief

requiring Defendant to make Defendant's Website accessible and usable by persons with vision impairment. (DE 1, pp. 10-11).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain sufficient factual matter to not only state a claim for relief that is plausible on its face, they "must be enough to raise a right to relief above the speculative level." *Id.* at 555; *see also Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). In order to rise above a speculative level, factual allegations beyond the "unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (internal citations omitted).

While a court must assume the factual allegations in a complaint as true, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Indeed, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Mamani*, 654 F.3d at 1153.

# ARGUMENT

I. **Plaintiff's Complaint Should Be Dismissed For Failure to State a Claim Upon Which Relief Can Be Granted.**

In order to state a claim for relief under Title III of the ADA, "a plaintiff must allege and establish that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Gomez v. Bang & Olufsen Am., Inc.*, No. 1:16-cv-23801, 2017 U.S. Dist. LEXIS 15457, at *4 (S.D. Fla. Feb. 2, 2017).

For purposes of this Motion, Defendant does not contest that Plaintiff is a disabled person within the meaning of the ADA or that Defendant's brick-and-mortar retail clothing stores are places of public accommodation. Rather, the central issue is whether Defendant's website qualifies as a public accommodation. In *Rendon v. Valleycrest Productions, Ltd.*, 294 F.3d 1279 (11th Cir. 2002), the Eleventh Circuit "concluded that [although] Title III extends to non-physical spaces, it does not establish that a virtual space like a website is necessarily covered, especially when the claimed denial of equal access is altogether unmoored from a physical space." *UPS*, 2018 U.S. Dist. LEXIS 18518, at *7-8.

This Court and other district courts within the Southern District of Florida have consistently held that, in order for an ADA claim premised on website inaccessibility to survive a motion to dismiss, the plaintiff "must claim an actual (not hypothetical) impediment to the use of Defendant's retail location." *Bang & Olufsen*, 2017 U.S. Dist. LEXIS 15457, at *13; *see also Gomez v. Knife Mgmt., LLC*, No. 17-cv-23843, 2018 U.S. Dist. LEXIS 159178 (S.D. Fla. Sept. 14, 2018) (finding that an ADA claim based on website inaccessibility must allege that the website "impeded their ability to access the physical locations"); *Haynes v. Pollo Operations, Inc.*, No. 17-cv-61003, 2018

4

U.S. Dist. LEXIS 51748 (S.D. Fla. Mar. 28, 2018) (same); *Price v. AFT Mgmt., Corp.*, No. 17-cv-61310, 2018 U.S. Dist. LEXIS 25896 (S.D. Fla. Feb. 14, 2018) (same) (Dimitrouleas, J.); *UPS*, 2018 U.S. Dist. LEXIS 18518 (same) (Dimitrouleas, J.); *Haynes v. Interbond Corp. of Am.*, No. 17-cv-61074, 2017 U.S. Dist. LEXIS 171644 (S.D. Fla. Oct. 16, 2017) (same) (Dimitrouleas, J.); *Gomez v. La Carreta Enters.*, No. 17-cv-61195, 2017 U.S. Dist. LEXIS 170777 (S.D. Fla. Oct. 13, 2017) (same) (Dimitrouleas, J.).

Here, Plaintiff alleges no actual impediment to the use of Defendant's physical stores. She alleges, generically, that Defendant's website "is an extension of Defendant's place of public accommodation" and that "Defendant extends its public accommodation into individual persons' homes and personal computers wherever located." (DE 1, ¶ 8). Plaintiff also alleges the website "is a service, facility, privilege, advantage, benefit and accommodation of Defendant's place of accommodation" and that it "provides access to the goods, services, facilities, privileges, advantages or accommodations of the place of public accommodation." (DE 1, ¶ 8). These are precisely the <u>same</u> allegations that this Court, on multiple occasions, has found <u>insufficient</u> to support a Title III cause of action. *UPS*, 2018 U.S. Dist. LEXIS 18518, at *8-9 (dismissing Title III ADA claim supported by identical allegations); *Haynes v. Trader Joe's Co.*, No. 18-60214, 2018 U.S. Dist. LEXIS 67031, at *12-14 (Dimitroleus, J.) (same).

Plaintiff's threadbare assertions that she "will continue to attempt to utilize the website" or "desires to access the website to avail herself of the benefits, advantages, goods and services therein" (*see* DE 1, ¶¶ 12, 16) do <u>not</u>—as this Court has repeatedly held—demonstrate Defendant's website has impeded her ability to visit Defendant's stores. *UPS*, 2018 U.S. Dist. LEXIS 18518, AT *8-10; *Trader Joe's*, 2018 U.S. Dist. LEXIS 67031, at *12-14; *see also Knife Mgmt.*, 2018 U.S. Dist. LEXIS 159178 (allegation that plaintiff "attempted to" access the website "but was

5

unable to … enjoy full and equal access…" was insufficient to survive a 12(b)(6) motion); *Pollo Operations*, 2018 U.S. Dist. LEXIS 51748 (dismissing complaint where allegations were insufficient to establish that website impeded plaintiff's access to physical locations). Plaintiff's purported inability to access Defendant's website, in and of itself, simply does not constitute a violation of Title III of the ADA. *See Bang & Olufsen*, 2017 U.S. Dist. LEXIS 15457, at *13 ("All the ADA requires is that, if a retailer chooses to have a website, the website cannot impede a disabled person's full use and enjoyment of the brick-and-[mortar] store.").

Because Plaintiff's Complaint fails to allege Defendant's website impeded her ability to access Defendant's physical locations, it fails to state a claim under Title III of the ADA upon which relief can be granted. Accordingly, the Court should dismiss Plaintiff's Complaint. *See Knife Mgmt.*, 2018 U.S. Dist. LEXIS 159178 (granting 12(b)(6) motion to dismiss); *Pollo Operations*, 2018 U.S. Dist. LEXIS 51748 (same); *Price*, 2018 U.S. Dist. LEXIS 25896 (same); *UPS*, 2018 U.S. Dist. LEXIS 18518 (same); *Haynes v. Genesco, Inc.*, No. 17-cv-61641, 2018 U.S. Dist. LEXIS 5939 (S.D. Fla. Jan. 11, 2018) (same) (Moore, J.); *Buccholz v. Aventura Beach Assocs.*, No. 17-cv-23154, 2018 U.S. Dist. LEXIS 2177 (S.D. Fla. Jan. 4, 2018); *Interbond Corp.*, 2017 U.S. Dist. LEXIS 171644 (same); *La Carreta*, 2017 U.S. Dist. LEXIS 170777 (same); *Bang & Olufsen*, 2017 U.S. Dist. LEXIS 15457 (same).

## CONCLUSION

For the reasons stated herein, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint for failing to state a claim upon which relief can be granted.

Dated:  November 9, 2018.                    Respectfully submitted,

                                                 By: */s/ Jennifer T. Williams*
                                                     Jennifer T. Williams
                                                     Florida Bar No. 0174203
                                                     jtwilliams@cozen.com
                                                     Cozen O'Connor
                                                     200 S. Biscayne Blvd. Suite 3000
                                                     Miami, Fla. 33131
                                                     Telephone: (305) 704-5944
                                                     Facsimile: (786) 220-0207

                                                     *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel and parties of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                     By: */s/ Jennifer T. Williams*
                                                              Jennifer T. Williams

## SERVICE LIST

*Deborah Laufer vs. The Cato Corporation*
*Case No.: 0:18-cv-62086-WPD*

**United States District Court**
**Southern District of Florida**

| | |
|---|---|
| Kathy L. Houston<br>Houston Law Firm, PL<br>15321 S. Dixie Highway<br>Suite 205<br>Miami, Florida 33157<br>Telephone: (305) 420-6609<br>Fax: (786) 441-4416<br>courtdocs@houstonlawfl.com<br><br>*Attorneys for Plaintiff*<br>*Served via CM/ECF* | Jennifer T. Williams, Esq.<br>jtwilliams@cozen.com<br>Cozen O'Connor<br>200 S. Biscayne Blvd. Suite 3000<br>Miami, Florida 33131<br>Telephone: (305) 704-5941<br>Facsimile: (786) 220-0470<br><br>*Attorneys for Defendant*<br>*Served via CM/ECF* |

LEGAL\39050368\1