IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:18-cv-62086-WPD

DEBORAH LAUFER,

      Plaintiff,

v.

THE CATO CORPORATION,

      Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant's Motion to Dismiss (DE 18 ("Defendant's Motion")) is straightforward, relying on Eleventh Circuit precedent in arguing for the dismissal of Plaintiff's Complaint based on its failure to allege a nexus between an intangible barrier and a public place of accommodation. Plaintiff's 12-page Opposition Brief (DE 19 ("Plaintiff's Brief" or "Opposition Brief")) is, for the most part, non-responsive to Defendant's Motion. While she does argue briefly (and incorrectly) that she sufficiently plead her claim, Plaintiff dedicates the majority of her Opposition Brief to analysis of law in other circuits and to presenting her own statutory interpretation of the ADA, which contradicts that of the Eleventh Circuit. Although she asks the Court to ignore binding precedent, Plaintiff presents the Court with no authority supporting her request for this significant departure.

Plaintiff argues she has "clearly established" the nexus between Defendant's website and its brick-and-mortar locations but fails to demonstrate how this is the case. Plaintiff's Complaint, on its face, fails to establish the requisite nexus, and the Court should reject Plaintiff's efforts to

establish this nexus through the Opposition Brief itself, specifically its conclusory statements and reference to information outside of the Complaint.

For the reasons stated herein and in Defendant's Motion, the Court should dismiss Plaintiff's Complaint.

I. **THE ELEVENTH CIRCUIT REQUIRES PLAINTIFF TO ALLEGE A NEXUS BETWEEN DEFENDANT'S WEBSITE AND ITS RETAIL STORES.**

Two Eleventh Circuit decisions—*Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279 (11th Cir. 2002) and *Haynes v. Dunkin' Donuts, LLC*, No. 18-10373, 2018 U.S. App. LEXIS 21126 (11th Cir. 2018)—provide guidance on whether intangible barriers, such as the accessibility of a website, constitute discrimination under Title III of the ADA. In *Rendon*, the Eleventh Circuit held that the ADA's prohibition on discrimination is not limited to "tangible barriers, that is, physical and architectural barriers," but can also apply to "intangible barriers … that restrict a disabled person's ability to enjoy the defendant entity's goods, services and privileges." 294 F.3d at 1283. Thus, *Rendon* established the requirement of a nexus between the intangible barrier and the enjoyment of a place of public accommodation in order to state a claim the intangible barrier violates Title III of the ADA. *Id.* at 1283, 1286, n.8. Importantly, *Rendon* "[did] not establish that a virtual space like a website is necessarily covered, especially when the claimed denial of equal access is altogether unmoored from a physical space." *Haynes v. UPS*, No. 17-62057, 2018 U.S. Dist. LEXIS 18518, at *7-8 (S.D. Fla. Feb. 2, 2018) (Dimitrouleas, J.).

More recently, in *Dunkin' Donuts*, the Eleventh Circuit applied *Rendon* in considering whether a plaintiff's Title III complaint alleged sufficient facts to establish a nexus between a defendant's website and its place of public accommodation. In that case, the court held the plaintiff alleged sufficient facts to establish such a nexus between Dunkin' Donuts' website and its physical stores. 2018 U.S. App. LEXIS 21126, at *5. However, in reaching its decision, the Eleventh

Circuit expressly relied on plaintiff's allegations that Dunkin' Donuts' website allowed customers to locate physical store locations and purchase gift cards online and that the plaintiff was unable to utilize those features. *Id.* at \*4-5.  Here, Plaintiff's Complaint lacks such specific allegations establishing the requisite nexus.

In light of the Eleventh Circuit's decisions in *Rendon* and *Dunkin' Donuts* and the plethora of decisions from district courts in this circuit[1], a nexus between Defendant's website and its retail stores "is <u>obviously</u> a requirement." *Price v. Everglades Coll., Inc.*, No. , 2018 U.S. Dist. LEXIS 117629, at \*4-5 (M.D. Fla. July 16, 2018) (emphasis added); *see also Gomez v. Gen. Nutrition Corp.*, 323 F. Supp. 3d 1368, 1375 (S.D. Fla. Aug. 29, 2018) ("[C]ourts agree a nexus is necessary…."). Even Plaintiff readily admits that an individual must allege a nexus between a website and a place of public accommodation to state a claim that a website violates Title III of the ADA.[2]  However, as addressed in Sections II and III below, Plaintiff argues she has alleged sufficient facts to establish such a nexus and that the Eleventh's Circuit's requirement of a nexus is an erroneous interpretation of the ADA.  As demonstrated below, Plaintiff's arguments are both incorrect and improper, and her Complaint should be dismissed.

**II.     PLAINTIFF IMPROPERLY PRESENTS MATTERS BEYOND THE PLEADINGS IN AN EFFORT TO MEET THE NEXUS REQUIREMENT.**

---

[1] Defendant's Motion cites several district court decisions dismissing ADA claims for failing to sufficiently allege a nexus between the defendant's website and physical place of accommodation. (*See* DE 18, pp. 4-6).
[2] *See, e.g.*, Opp. Br., p. 3 ("The 11th Circuit has determined that a complaint which alleges a website denies blind people the ability to enjoy the goods, services, privileges, and advantages of a store … has established a plausible claim for relief under the ADA, as it establishes the website is a service that facilitates the use of [ ] shops, which [are] places of public accommodation."); Opp. Br., p. 8 n.2 ("It must be noted that the decision in *Haynes* … applied the *Rendon* analysis and held that the complaint satisfied it because it sufficiently alleged a nexus.").

Perhaps realizing the allegations in her Complaint are fatally deficient, Plaintiff's Opposition Brief goes beyond the factual allegations in the Complaint in an attempt to sufficiently establish a nexus between Defendant's website and its retails stores. Plaintiff states, without any citation:

> Defendant's website … is heavily integrated with Defendant' [sic] physical store locations, and operates as a gateway to the stores, all of which has been alleged in the Complaint. The website permits its patrons to obtain information about store locations, find items on clearance or sale, obtain gift cards and coupons per the viewer's choice, all of which are part of the goods, services, accommodations, privileges, benefits, and facilities available to its patrons.

(Opp. Br., p. 5).  <u>Not a single one of these allegations is in Plaintiff's Complaint</u>. Consequently, the entirety of Plaintiff's "sufficiency" argument relies on matters beyond the pleadings. Plaintiff's attempt to present and rely on matters outside the pleadings here is unequivocally improper, as "a court may only examine the 'four corners' of the complaint and any matters incorporated therein, and not matters outside the complaint" on a Rule 12(b)(6) motion to dismiss. *Flamenbaum v. Orient Lines, Inc.*, No. 03-cv-22549, 2004 U.S. Dist. LEXIS 14718, at *12 (S.D. Fla. Jul. 28, 2004).

Only Paragraphs 5, 8, and 14 of the Complaint make any effort—here, an insufficient effort—to connect Defendant's purportedly inaccessible website to the enjoyment of its retail stores. Those paragraphs generically state that Defendant operates the website and that the website provides certain information about, and is an extension of, Defendant's public accommodation. (DE 1, ¶¶ 5, 8, 14). Here, the fact that Defendant's website provides information about its physical locations is not enough to establish a nexus between the website and physical stores. *See Gen. Nutrition*, 323 F. Supp. 3d at 1376. Indeed, "district courts in the Eleventh Circuit have distinguished between an inability to use a website to gain information about a physical location

and an inability to use a website that impedes access to enjoy a physical location, holding that the former is insufficient to state a claim." *Id.*; *see also Everglades*, 2018 U.S. Dist. LEXIS 117629, at *5 ("Here, the Defendant correctly argues that 'an inability to gain information about the physical location does not adequately allege that his inability to access the Website impedes his access to enjoy the physical [location].'").

Plaintiff has done nothing more than simply state Defendant's website provides information about, and is an extension of, its brick-and-mortar stores. Plaintiff does not allege a single fact explaining how her purported inability to access the information on Defendant's website impedes her enjoyment of Defendant's retail stores. Plaintiff's threadbare allegations that merely assert some connection between Defendant's website and its retail stores is insufficient to establish the requisite nexus and survive Defendant's Motion to Dismiss.

### III. PLAINTIFF IMPROPERLY ASKS THIS COURT TO DISREGARD ELEVENTH CIRCUIT PRECEDENT IN ARGUING A CONTRARY INTERPRETATION OF THE ADA.

Despite acknowledging the Eleventh Circuit's decisions in *Rendon* and *Dunkin' Donuts*, holding that a nexus between a website and a public accommodation is required, Plaintiff inexplicably dedicates six pages of her Opposition Brief to arguments of statutory construction and interpretation to support her position that the ADA contains no nexus requirement. (*See* Opp. Br., pp. 6-11). This Court is bound to follow Eleventh Circuit precedent requiring this nexus. *In re Managed Care Litig.*, 135 F. Supp. 2d 1253, 1267 (S.D. Fla. 2001) ("It is the duty of this Court to follow controlling Eleventh Circuit precedent unless there is a direct Supreme Court case on the particular issue in question holding to the contrary."). Because Plaintiff cites to no authority that would permit this Court to depart from Eleventh Circuit precedent in the manner it requests, Defendant respectfully ask the Court to disregard Plaintiff's arguments regarding statutory

construction and interpretation in their entirety and dismiss Plaintiff's Complaint for failure to allege the requisite nexus.  *See, e.g., In re Rexall Sundown, Inc.*, No. 98-8798, 2000 U.S. Dist. LEXIS, at *17 (S.D. Fla. Mar. 29, 2000) (Dimitrouleas, J.) (following Eleventh Circuit precedent on the pleading standard and dismissing plaintiff's complaint for failing to plead facts with sufficient particularity).

**IV.   PLAINTIFF MISCONSTRUES DEFENDANT'S ARGUMENT REGARDING PLAINTIFF'S ALLEGED ATTEMPTS TO ACCESS DEFENDANT'S WEBSITE.**

Finally, Plaintiff claims that "Defendant also raises an argument regarding ties, visits and intention of visits to the Defendant' [sic] stores, in the past or in the future, alleging that allegations of future attempts at utilization of the website are insufficient unless a claimant demonstrates first that the website has impeded access to a physical location." (Opp. Br., p. 11).  Plaintiff misconstrues Defendant's argument.  Defendant's argument regarding "Plaintiff's threadbare assertions that she 'will continue to attempt to utilize the website' or 'desires to access the website to avail herself of the benefits, advantages, goods and services therein,'" (DE 18, p. 5), is an extension of Defendant's position that Plaintiff has failed to allege a nexus.  Indeed, it is of no moment whether Plaintiff continues to attempt to utilize Defendant's website, or whether Plaintiff desires to access Defendant's website, if Plaintiff's Complaint does not tie the purportedly inaccessible website to her inability to enjoy a good, service, or privilege afforded by Defendant's retail stores.

## CONCLUSION

For the reasons stated herein, and in Defendant's Motion to Dismiss (DE 18), Defendant respectfully requests that the Court dismiss Plaintiff's Complaint (DE 1) for failing to state a claim upon which relief can be granted.

Dated:  November 30, 2018.                    Respectfully submitted,

                                                By: */s/ Jennifer T. Williams*
                                                    Jennifer T. Williams
                                                    Florida Bar No. 0174203
                                                    jtwilliams@cozen.com
                                                    Cozen O'Connor
                                                    200 S. Biscayne Blvd. Suite 3000
                                                    Miami, Fla. 33131
                                                    Telephone: (305) 704-5944
                                                    Facsimile: (786) 220-0207

                                                    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel and parties of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Jennifer T. Williams*
Jennifer T. Williams

## SERVICE LIST

*Deborah Laufer vs. The Cato Corporation*
*Case No.: 0:18-cv-62086-WPD*

**United States District Court**
**Southern District of Florida**

| | |
|---|---|
| Kathy L. Houston<br>Houston Law Firm, PL<br>15321 S. Dixie Highway<br>Suite 205<br>Miami, Florida 33157<br>Telephone: (305) 420-6609<br>Fax: (786) 441-4416<br>courtdocs@houstonlawfl.com<br><br>*Attorneys for Plaintiff*<br>*Served via CM/ECF* | Jennifer T. Williams, Esq.<br>jtwilliams@cozen.com<br>Cozen O'Connor<br>200 S. Biscayne Blvd. Suite 3000<br>Miami, Florida 33131<br>Telephone: (305) 704-5941<br>Facsimile: (786) 220-0470<br><br>*Attorneys for Defendant*<br>*Served via CM/ECF* |

LEGAL\39238169\1