UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62086-CIV-DIMITROULEAS

DEBORAH LAUFER, Individually,

    Plaintiff,

vs.

THE CATO CORPORATION, a Delaware
corporation dba Cato Fashions,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant The Cato Corporations ("Defendant")'s Motion to Dismiss, filed on November 9, 2018. [DE 18] (the "Motion"). The Court has carefully reviewed Plaintiff Deborah Laufer ("Plaintiff")'s Complaint [DE 1], the Motion, Plaintiff's Opposition [DE 19], Defendants' Reply [DE 20], and is otherwise fully advised in the premises.

**I.    Background[1]**

Plaintiff Leborah Laufer is vision impaired and therefore is unable to read computer materials and/or access and comprehend internet website information without software specially designed for the visually impaired. [DE 1] at ¶¶ 1, 2. She brought this suit against Defendant for allegedly violating Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, by owning and operating a website inaccessible to persons who are visually impaired. Title III makes it unlawful to discriminate against disabled persons in the full and equal enjoyment of public accommodations. *Id.* § 12182(a). As an advocate for persons with

---

[1] All facts set forth in the background are according to the allegations of the Third Amended Complaint [DE 25], which the Court assumes as true for purposes of this Motion.

1

disabilities, Plaintiff serves as a "tester" who files lawsuits against entities that maintain websites he believes are not compliant with the ADA's requirements. [DE 1] ¶ 3. Plaintiff utilizes JAWS Screen Reader software that enables him to read computer materials and access the Internet. *Id.* ¶ 2.

Defendant owns, leases, leases to, or operates a place of public accommodation which is a chain of clothing stores known as Cato Fashions throughout the United States, the State of Florida, and Broward County. ¶ 4. Defendant owns, operates, or leases the website https://www.catofashions.com ("the website"). *Id.* ¶ 5. This website supports, is an extension of, is in conjunction with, is complementary and supplemental to, Defendant's clothing stores. *Id.* This website provides information about Defendant's clothing stores, including information about the goods, services, accommodations, privileges, benefits and facilities available to patrons. *Id.* Defendant also continually and/or periodically updates and maintains the website. *Id.*

## II.     Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that asserts mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And "on the assumption that all the allegations are true (even if doubtful in fact)," the factual allegations pleaded "must be enough to raise a right to

relief above the speculative level." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (brackets in original) (quoting Fed. R. Civ. P. 8(a)(2)). "The Supreme Court has employed a 'two-pronged approach' in applying the foregoing principles: first, a reviewing court should eliminate any allegations in the complaint that are merely legal conclusions; and second, where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Boyd v. Warden, Holman Correctional Facility*, 856 F.3d 853, 864 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 679).

### III. Discussion

Title III of the ADA prescribes, as a "[g]eneral rule":

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

In the instant Motion to Dismiss, Defendant argues that the Complaint must be dismissed for Plaintiff's failure to plead a nexus between Defendant's website and its physical locations. In

other words, that Plaintiff fails to state a claim because she does not plead factual allegations demonstrating that her inability to use the website impeded her access to one of Defendant's physical locations. Defendant cites to several cases from the Southern District of Florida in support of its position, including several by the undersigned. *See* [DE 18].

However, in an unpublished decision earlier this year in *Haynes v. Dunkin' Donuts LLC*, 741 F. App'x 752, 753 (11th Cir. 2018), the Eleventh Circuit reversed this Court for dismissing a website inaccessibility complaint for failing to plausibly allege facts demonstrating that his inability to utilize defendant's website was an impediment to plaintiff's ability to access defendants' physical stores and enjoy the goods and services offered there. While this Court does not necessarily agree with the *Haynes* opinion, it is persuasive authority and the Court will follow it unless the Eleventh Circuit indicates otherwise. Accordingly, the Court finds that Plaintiff has stated a plausible claim for relief under Title III of the ADA at the pleading stage.

**IV.**   **Conclusion**

For the reasons stated, it is **ORDERED AND ADJUDGED** as follows:

1.   Defendant's Motion to Dismiss [DE 18] is **DENIED**;

2.   Defendant shall file an answer to the Complaint within fourteen (14) days**.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of December, 2018.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

4